UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEROME C. SILLS,<br><br>*Plaintiff*,<br><br>v.<br><br>AEROTECH CORPORATION and INSTRUMENTATION LABORATORIES/ WERFEN CORP,<br><br>*Defendants*. | C.A. No.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Instrumentation Laboratory Company ("Instrumentation Laboratory")[1] hereby files this Notice of Removal and removes this action from the Superior Court of the Commonwealth of Massachusetts for the County of Middlesex, where the action is now pending, to the United States District Court for the District of Massachusetts. As grounds for removal, Instrumentation Laboratory states as follows:

## TIMELINESS OF REMOVAL

1. On or about September 26, 2022, Plaintiff Jerome C. Sills ("Sills" or "Plaintiff") filed a civil action against Aerotech Corporation ("Aerotek") and Instrumentation Laboratory (together, "Defendants") in the Superior Court of the Commonwealth of Massachusetts for the County of Middlesex, Civil Action No. 2281-CV-0345 (the "State Court Action"). Copies of the Summons, Complaint, and Tracking Order are attached as Exhibit A, as required under 28 U.S.C. §1446(a).

---

[1] The Complaint identifies Defendant Instrumentation Laboratory Company as "Instrumentation laboratories/Werfen" and "WERFEN-Instrumentation-Laboratory." The correct legal name of the entity to which Plaintiff was temporarily assigned is "Instrumentation Laboratory Company."

2. The Summons and Complaint in the State Court Action were served on Instrumentation Laboratory on October 11, 2022.

3. Accordingly, Instrumentation Laboratory is timely filing this Notice of Removal under 28 U.S.C. § 1446(b) because it is being "filed within 30 days after the receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

### **GROUNDS FOR REMOVAL – FEDERAL QUESTION**

4. 28 U.S.C. § 1441 establishes when an action is removable.

5. This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court for the District of Massachusetts has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.*

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the allegations contained in Plaintiff's Complaint refer to a federal cause of action against both Defendants under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). *See* Complaint ("Compl.") at pp. 5-6. Sills asserts he is entitled to damages because the Defendants discriminated and retaliated against him and terminated his employment in violation of the ADA. Thus, this is a civil action over which this Court has original "federal question" jurisdiction under 28 U.S.C. § 1331, in that the action arises under the Constitution, laws, or treaties of the United States.

7. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all other state law claims in the Complaint. Specifically, the Court has supplemental jurisdiction over Plaintiff's state law claims for unpaid sick leave and overtime in violation of G.L. c. 149, §§ 148C and 148D, termination in violation of public policy (G.L. c. 19C §11, *et seq.*), "hostile work environment," "breach of the implied warranty of good faith and fair dealing," and any additional potential state law claims. *See* 28 U.S.C. § 1367(a). Plaintiff's federal claims and state law claims arise from the same case or controversy because they both stem from Plaintiff's allegations that Defendants discriminated against him on the basis of an alleged disability, failed to accommodate his alleged disability, and subjected him to retaliation in terminating his employment in violation of the ADA. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a).

8. Aerotek has consented to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

## VENUE

9. This action is properly removed to this Court, as Massachusetts constitutes one judicial district. 28 U.S.C. §101.

10. This Notice of Removal is being filed in the District of Massachusetts, the District Court of the United States for the district and division within which the State Court Action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

## ADDITIONAL REQUIREMENTS

11. In accordance with 28 U.S.C. § 1446, true and complete copies of this Notice of Removal, together with the Superior Court Notice of Filing of Notice of Removal, have also been served on this day upon all parties (via first class mail upon *pro se* Plaintiff, Jerome C. Sills and via email upon counsel for Aerotek) and filed with the Clerk of the Superior Court of the

Commonwealth of Massachusetts for the County of Middlesex. A copy of Instrumentation Laboratory's Notice of Filing of the Notice of Removal is attached hereto as <u>Exhibit B</u>.

12. By removing this matter, Instrumentation Laboratory does not waive or intend to waive any defense, including, but not limited to, insufficiency of process, insufficiency of service of process, or venue.

WHEREFORE, Instrumentation Laboratory respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of the Commonwealth of Massachusetts for the County of Middlesex to the United States District Court for the District of Massachusetts.

> Respectfully submitted,
>
> INSTRUMENTATION LABORATORY COMPANY,
> By its attorneys,
>
> */s Robert M. Shea*
> Robert M. Shea, BBO No. 556356
> *rshea@beckreed.com*
> Heather C. Krauss, BBO No. 644457
> *hkrauss@beckreed.com*
> BECK REED RIDEN LLP
> 155 Federal Street, Suite 1302
> Boston, Massachusetts 02110
> Telephone: (617) 500-8660
> Facsimile: (617) 500-8665

Dated: October 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon *pro se* Plaintiff, Jerome C. Sills, by first class mail and upon counsel for Aerotek by email on this 14th day of October, 2022.

> */s/ Robert M. Shea*
> Robert M. Shea